UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**PATRICK GUILLORY JR #587254**     **CASE NO. 6:18-CV-01195 SEC P**

**VERSUS**     **JUDGE ROBERT SUMMERHAYS**

**RESPIRDAL CORP., ET AL**     **MAGISTRATE JUDGE HANNA**

**REPORT AND RECOMMENDATION**

Before the court is a pro se complaint filed by Patrick Guillory Jr., an inmate in the custody of the Louisiana Department of Corrections, currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. This matter is before us for initial review under 28 U.S.C. § 636 and the standing orders of this court.

**I. Background**

**a. Procedural Background**

Pro se plaintiff Patrick Guillory, Jr. filed a Complaint in this matter on September 11, 2018, naming as sole defendant, Respirdal Corporation. [Rec. Doc. 1] He was denied leave to proceed in forma pauperis [Rec. Doc. 5] and his filing fee was received on October 4, 2018. On September 19, 2018, he filed an Amended Complaint naming Crowley Mental Health as a defendant. [Rec. Doc. 7] Following a January 2, 2019 Memorandum Order from this Court [rec. doc. 18], Guillory amended his complaint to dismiss Crowley Mental Health as a defendant. [Rec. Doc. 19]

On March 14, 2019, this Court, noting that Respirdal Corporation is not the producer of the drug Risperdal® and, therefore, not a proper party, ordered Guillory to amend to name a proper defendant. [Rec. Doc. 26] On March 25, 2019, Guillory amended stating, "I would like the defendant to be the producer of Respirdal." [Rec. Doc. 27]

## II. Law and Analysis

### a. Screening

As the plaintiff has paid the Court's filing fee, the screening procedure with respect to in forma pauperis complaints under 28 U.S.C. § 1915(e) is inapplicable. See *Weatherton v. Am.'s Most Wanted*, No. 09-0111, 2010 U.S. Dist. LEXIS 118866 (M.D. La. Sept. 27, 2010). Nor does 28 U.S.C. § 1915A strictly apply, as the plaintiff has named non-governmental entities as defendants. *Id*. However, the Court is authorized to dismiss a fee-paid Complaint upon substantive review for failure of the plaintiff to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id*. (citing *Baker v. White*, 30 F.3d 1491 (5th Cir. 1994)).

### b. Proper Party

"Respirdal Corp." is not a proper party, nor is "the producer of Respirdal." *See Hunter v. Risperdal Corp.*, 2017 U.S. Dist. LEXIS 3548 (S.D. Fla., Jan. 30, 2017) ("See http://www.risperdalconsta.com/bipolar/bipolar/medicine-information

(last visited January 5, 2017). This Court takes judicial notice that Risperdal Corporation is not the producer of Risperdal. See Fed. R. Ev. 201.") Accordingly, Guillory has failed to name a proper party as defendant in this lawsuit and he fails to state a claim upon which relief may be granted.

### c. *Statute of Limitations*

To any extent a "liberal construction" of plaintiff's complaint would allow the Court to substitute, *sua sponte*, Janssen Pharmaceuticals, Inc., the manufacturer of Risperdal®, as a proper defendant, any claim against it would be prescribed.

Plaintiff brings a products liability suit before this Court.[1] "Claims brought under the LPLA [the Louisiana Products Liability Act] are governed by the one-year prescriptive period for delictual actions in Article 3492 which provides in pertinent part: 'Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained.'" *Amacker v. Janssen Pharm.*, No. 18-673, 2018 U.S. Dist. LEXIS 161096 (M.D. La. 8/28/18). "Although prescription begins to run from the day injury or damage is sustained, damage is considered to have been sustained only when it has manifested itself with sufficient certainty to support accrual of a cause of action." *Id.* (citing

---

[1] Although Plaintiff has not explicitly stated, review of Plaintiff's Complaint indicates that he seeks to proceed under a theory of products liability or other unspecified tort. *See, e.g.*, *Amacker v. Janssen Pharm.*, No. 18-673, 2018 U.S. Dist. LEXIS 161096 (M.D. La. 8/28/18); *see also Pramann v. Janssen Pharms., Inc.*, Civil Action No. 16-12413, 2017 U.S. Dist. LEXIS 1413, 2017 WL 58469, at * 1 (E.D. La. Jan. 5, 2017).

*Cameron Parish School Board v. ACandS, Inc*., 687 So.2d 84, 88 (1997); *Brown v. R.J. Reynolds Tobacco Co.*, 52 F.3d 524, 527 (5th Cir.1995); *Jones v. Honeywell Int. Inc.*, 295 F.Supp.2d 652 (M.D.La.2003)). "In cases where injury or damage is not immediately apparent, prescription does not begin to run until a reasonable plaintiff would become aware of the connection between [the] condition and the defendant's alleged tortious actions, that is, until the plaintiff knows or should reasonably know that [he] has suffered damages." *Id*. (citing *Brown*, 52 F.3d at 527; *Grenier v. Medical Engineering Corp*., 243 F.3d 200, 204 n. 2 (5th Cir.2001).

According to the history provided by Guillory, he first took Risperdal® in 2010, while at Crowley Mental Health. [Rec. Doc. 7] He experienced blackouts that caused him "not to think or be in touch with reality." *Id*. It was at this time that he also gained 40 pounds in sixth months. *Id*. He also blames the medication for causing him to develop "female breasts and even their emotions," which led him on an "episode" that "landed [him] in prison." [Rec. Doc. 7-1] In a later filed complaint, plaintiff explains that while taking the medication in 2010, he "packed on 60 pounds, grew female breasts and shot someone under a blackout on the drug and received 40 years." [Rec. Doc. 21, p. 4] Plaintiff clarifies that after first taking the drug in 2010, he was again prescribed Risperdal® in 2012 at the Louisiana State Penitentiary. [Rec. Doc. 21, p. 6] He took it "until [he] received complications in 2016 and then again in 2017." *Id*.

Plaintiff alleges serious complications as a result of taking the medication in 2010. He began taking the medication again in 2012 and concedes that he was aware of complications in 2016. Based on plaintiff's allegations of the severe side effects he experienced as a result of this drug, the Court finds that he knew or should reasonably been aware of the connection between the side effects and the medication in 2010. However, viewing the facts in a light most favorable to the plaintiff, the Court finds that the plaintiff was at least aware of the connection in 2016.

Pursuant to the LPLA's one-year prescriptive period, Guillory had, at the latest, until sometime in 2017 to file his suit. His complaint was filed in this Court on September 11, 2018. Accordingly, the undersigned finds that Guillory's claims prescribed well before he filed this suit.

### III. *Conclusion*

Plaintiff failed to name proper party as defendant in this lawsuit and, as such, he fails to state a claim upon which relief may be granted. Furthermore, any claims he would have against Janssen Pharmaceuticals, Inc., would be time-barred.

Therefore,

**IT IS RECOMMENDED** that this complaint be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted, and, in the alternative, as time-barred.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE in Chambers on this 14th day of November, 2019.

_____
Patrick J. Hanna
United States Magistrate Judge